UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DONTRELL TURNER, | ) | |
| Petitioner, | ) ) ) | Civil No. 6:18-029-GFVT |
| v. | ) ) | |
| J.A. Barnhart, Warden, | ) ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Dontrell Turner is a prisoner at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Turner filed a short petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] As best as the Court can tell from Turner's submission, his only claim is that the Bureau of Prisons (BOP) essentially forced him to participate in the Inmate Financial Responsibility Program (IFRP) by informing him of the consequences of refusing to participate. Indeed, Turner indicates that he only participated in the IFRP because he was afraid of being placed in an "IFRP refuse" status and having "sanctions placed against me." [*Id*. at 2.]

Turner's claim, however, is simply not cognizable. That is because, as Turner himself acknowledges, the IFRP is voluntary, and this Court and others have repeatedly recognized that an inmate is not "forced" to participate in the program simply because his failure to do so will result in the loss of certain privileges. *See, e.g., Spann v. Smith*, No. 0:18-cv-010-HRW (E.D. Ky. 2018) ("[T]here is no merit to [petitioner's] argument that the BOP forced him to participate in the IFRP by informing him of the consequences of refusing to participate."); *Brown v. Snyder-Norris*, No. 15-cv-071-HRW, 2016 WL 1703335, \*2 (E.D. Ky. 2016) ("Nor is there any merit to

[petitioner's] assertion that the BOP 'coerced' him into signing an IFRP agreement by threatening to withhold certain privileges if he did not."); *Sturgeon v. Terris*, No. 13-cv-12512, 2014 WL 3778206, *4 (E.D. Mich. 2014) (rejecting a similar argument); *Rashaad v. Lappin*, No. 07-cv-408-KKC, 2008 WL 45403, *2-*3 (E.D. Ky. 2008) (the same). Turner's claim likewise fails for the same reasons set forth in those opinions.

Accordingly, it is hereby **ORDERED** as follows:

1. Turner's petition for a writ of habeas corpus [**R. 1**] is **DENIED**.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 15th day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge